In re the JULIEN COMPANY, Debtor.

Jack F. MARLOW, Trustee, Appellant,

v.

ROLLINS COTTON COMPANY, a Division of Lor, Inc., Appellee.

No. 91–2731–M1.

United States District Court, W.D. Tennessee, Western Division.

Aug. 6, 1992.

**308**

David Blaylock, Udelsohn Blaylock & Marlow, Memphis, TN, for Julien Co.

Jack F. Marlow, Trustee, Memphis, TN.

Thomas H. Fulton, John R. Dunlap, Humphreys Dunlap Wellford Acuff & Stanton, P.C., Memphis, TN, Jerome L. Kaplan, Arnall Golden & Gregory, Atlanta, GA, for Rollins Cotton Co.

## ORDER REVERSING BANKRUPTCY COURT'S DECISION

McCALLA, District Judge.

This matter is before the Court on appeal by the Trustee of The Julien Company ("Julien"), Chapter 11 Debtor, from the memorandum opinion and order of the bankruptcy court entered on May 3, 1991, granting Rollins Cotton Company's ("Rollins") motion for summary judgment.

After oral argument and careful review of the record and submissions of the parties, the Court finds that there are a number of significant and triable issues of fact raised by the evidence contained in the record. Therefore, for the reasons set forth below, the order of the bankruptcy court granting summary judgment in Rollins' favor is REVERSED, and the matter is REMANDED to that court for trial on the issues presented.

On January 10, 1990, an involuntary petition in bankruptcy was filed against Julien. Jack F. Marlow, Trustee for the bankrupt Julien Company, filed a complaint on April 10, 1990, seeking to avoid as preferential transfers certain payments made by Julien to Rollins on October 24 and 26, 1989.[1] On December 28, 1990, Rollins filed a motion for summary judgment, maintaining that because Rollins was a fully secured and perfected creditor of Julien at all relevant times, the Trustee would therefore be unable to establish that the payment to Rollins allowed it to receive more than it would have received had the transfer not been made and the case were under Chapter 7 of Title 11 as required by 11 U.S.C. § 547(b)(5). On February 14, 1991, the Trustee filed his objection to the motion. The Trustee's appeal from the decision of the bankruptcy court, granting Rol-

---

1. Pursuant to 11 U.S.C. § 547(g), the trustee has the burden of establishing all elements under 11 U.S.C. § 547(b), which provides in relevant part: (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made—
      (A) on or within 90 days before the date of the filing of the petition; or

      (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
    (5) that enables such creditor to receive more than such creditor would receive if—
      (A) the case were a case under chapter 7 of this title;
      (B) the transfer had not been made; and
      (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

lins' motion, is presently before this Court for review.

■ Appellant concedes that if Rollins had a fully secured and perfected claim superior to other interests, then it would collect its total return upon the value of the collateral in a Chapter 7 case. What the Trustee disputes is that Rollins obtained a fully secured senior interest that attached to the collateral and was properly perfected. Rollins apparently did not file a financing statement, and pursuant to the provisions of T.C.A. § 47–9–305 [2] applicable in this case, perfection through possession requires that a bailment exist, that the bailee not be controlled by the debtor [3], and that the bailee have notice of Rollins' interest in the collateral.

■ The correct standard for appellate review of summary judgment orders in an adversarial bankruptcy proceeding is the same as that utilized by the bankruptcy court under F.R.C.P. 56(c) in initially determining whether summary judgment is appropriate. *See e.g., In re The Two S Corp.,* 875 F.2d 240 (9th Cir.1989); *Hand v. Central Transport, Inc.,* 779 F.2d 8 (6th Cir.1985); *In re Stephens,* 51 B.R. 591 (9th Cir.1985). Therefore, the test to be applied by this Court is whether the "pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party ... raise a genuine issue of material fact for trial." *Gutierrez v. Lynch,* 826 F.2d 1534, 1536 (6th Cir.1987). However, a factual dispute must be outcome-determinative to preclude summary disposition, and evidence that is not significantly probative or merely colorable is insufficient to support a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ From the pleadings, affidavits, and deposition testimony, the bankruptcy court judge carefully articulated eighty-five specific findings of fact, and for each statement, meticulously cited to the source(s) of the stated information. However, significant factual disputes and contradictions are apparent in the record over certain outcome-determinative issues, and any balancing of evidence or consideration of the credibility of a deponent's testimony is inappropriate in a summary disposition. For example, although the bankruptcy court opinion asserts that the bailee was not controlled by the debtor, the depositions indicate that to some extent the alleged bailee may have disregarded the express instructions of Banker's Trust and instead followed the instructions of an employee of Julien with regard to the financing transaction.

The bankruptcy court also determined that a bailment existed and that the bailee had notice of Rollins' interest in the collateral, but the President of the bailee company testified in his deposition that no obligation to deliver the collateral to Rollins was recognized, and that he may not have been aware of Rollins' interest. These two examples are

---

**2.** **47–9–305.** **When possession by secured party perfects security interest without filing.**

A security interest in letters of credit and advices of credit (subsection (2)(a) of Section 47–5–116), goods, instruments (other than certificated securities), money, **negotiable documents** or chattel paper **may be perfected by the secured party's taking possession of the collateral. If such collateral other than goods covered by negotiable document is held by a bailee, the secured party is deemed to have possession from the time the bailee receives notification of the secured party's interest.** A security interest is perfected by possession from the time possession is taken without relation back and continues only so long as possession is retained, unless otherwise specified in this chapter. The security interest may be otherwise perfected as provided in this chapter before or after the period of possession by the secured party.

Warehouse receipts are considered "negotiable documents" under the code. T.C.A. § 47–7–104 and 47–1–201(15). A person has "notice" of a fact when he has actual knowledge, or has received a notice or notification, or "from all the facts and circumstances known to him at the time in question he has reason to know that it exists." T.C.A. 47–1–201(25). Such notification is effective "from the time when it is brought to the attention of the individuals conducting that transaction" or "from the time when it would have been brought to his attention if the organization had exercised due diligence." T.C.A. 47–1–201(27).

**3.** Official Comment 2 to T.C.A. § 47–9–305 explains that "[p]ossession may be by the secured party itself, or by an agent on his behalf ... it is of course clear, however, that the debtor or a person controlled by him cannot qualify as such an agent for the secured party."

not an exhaustive listing of potential material disputes of fact. They clearly demonstrate, however, the existence of genuine issues of material fact and, as noted, it is well established that the existence of a single genuine issue of material fact precludes the entry of an order of summary judgment.

For the reasons stated above, the decision of the bankruptcy court is REVERSED and this case REMANDED to that court for a trial on the merits.

IT IS SO ORDERED.